IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENBURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; and WAKE COUNTY DEMOCRATIC PARTY, <br><br> Plaintiffs, <br><br> v. <br><br> PHILLIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; and KIMBERLY STRACH, in her official capacity as EXECUTIVE DIRECTOR OF THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT, <br><br> Defendants. | CIVIL ACTION NO. 1:17-cv-1113 |

# COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs North Carolina Democratic Party ("NCDP"), Cumberland County Democratic Party, Durham County Democratic Party, Forsyth County Democratic Party, Guilford County Democratic Party, Mecklenburg County Democratic Party, Orange County Democratic Party, and Wake County Democratic Party, by and through their undersigned counsel, for their complaint against Defendants State of North Carolina, Phillip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives, the North Carolina Bipartisan State Board of Elections and Ethics Enforcement ("SBOE"), and Kimberly Strach, in her official capacity as Executive Director of the SBOE, allege as follows:

## INTRODUCTION

1. This is an action to protect the First and Fourteenth Amendment rights of Plaintiffs, to ensure that Plaintiffs are not deprived of their most fundamental and constitutionally protected right of political association, and to protect Plaintiffs from infringement of their right of association by the State. *See Democratic Party of United States v. Wis.*, 450 U.S. 107, 121-22, (1981) (citing *Cousins v. Wigoda*, 419 U.S. 477, 487 (1975); *Kusper v. Pontikes*, 414 U.S. 51, 57 (1973); *Williams v. Rhodes*, 393 U.S. 23, 30-31 (1968); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958)). The First Amendment protects the process by which a political party selects a standard bearer for election to public office who best represents the party's policy preferences. *See Cal.*

*Democratic Party v. Jones*, 530 U.S. 567, 575 (2000). Primary elections are the most critical part of a party's process to select the standard bearer for the party's message. *Id.* at 575-76.

2. Section 4(a) of North Carolina Session Law 2017-214 ("S.L. 214") eliminates primaries for partisan judicial elections in 2018, thereby depriving Plaintiffs of their associational rights protected by the First and Fourteenth Amendments of the U.S. Constitution.

3. Plaintiffs requests that this Court find the challenged provisions of S.L. 214 unlawful under the First and Fourteenth Amendments to the U.S. Constitution and that the Court enter declaratory and injunctive relief preventing Defendants from implementing or enforcing Section 4(a) of S.L. 214.

## PARTIES

4. Plaintiff NCDP is a political party defined in N.C. Gen. Stat. § 163-96.[1] Its purposes are to (i) bring people together to develop public policies and positions favorable to NCDP members and the public generally, (ii) identify candidates who will support and defend those policies and positions, and (iii) persuade voters to cast their ballots for those candidates.

5. Plaintiffs Cumberland, Durham, Forsyth, Guilford, Mecklenburg, Orange, and Wake County Democratic Parties are the official political committees for Democrats

---

[1] Session Law 2017-6 directed the Revisor of Statutes to recodify Chapter 163 of the North Carolina General Statutes into a new Chapter 163A of the General Statutes, however, some parts of Chapter 163 have not yet been recodified. Therefore, hereinafter this Chapter will be referred to as Chapter "163".

3

in Cumberland, Durham, Forsyth, Guilford, Mecklenburg, Orange, and Wake Counties in North Carolina, respectively. They are separate and independently registered and reporting political committees from Plaintiff NCDP. Their purposes are to: (i) bring people together to develop public policies and positions favorable to their members and the public generally in their respective counties, (ii) identify candidates who will support and defend those policies and positions in their respective counties, (iii) persuade voters to cast their ballots for those candidates in their respective counties, and (iv) provide grassroots energy and organization for Democrats in their respective counties.

6. Defendant State of North Carolina is a sovereign state. The State's laws, as enacted by the General Assembly, are being challenged as unconstitutional in this action.

7. Defendant Philip E. Berger is the President Pro Tempore of the North Carolina Senate and, upon information and belief, is a resident of Rockingham County, North Carolina.

8. Defendant Timothy K. Moore is the Speaker of the North Carolina House of Representatives and, upon information and belief, is a resident of Cleveland County, North Carolina.

9. Defendant SBOE is a state agency charged with the overall responsibility for the administration of the elections process in North Carolina and has authority to implement rules and regulations with respect to the conduct of elections. *See* N.C. Gen. Stat. § 163-22.

10. Defendant Kimberly Strach is the Executive Director of the SBOE and, upon information and belief, is a resident of Wake County, North Carolina. The Executive Director is the chief elections officer of the State and is responsible for the administration of state laws affecting voting, including those pertaining to voter registration. *See* N.C. Gen. Stat. § 163-82.2.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, as well as 42 U.S.C. § 1983.

12. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial number of judicial races—including local district and superior court races—that will be affected by the enforcement of S.L. 214 will occur in this district and because some of the Plaintiffs reside in this district.

## FACTS

13. Since 1868 the North Carolina Constitution has required that judges and justices of the district courts, superior courts and appellate courts be elected by the people. N.C. Const. art. IV, §§ 9, 10 and 16.

14. For many years the General Assembly afforded citizens their right to elect judges and justices through partisan elections, and the General Assembly assured the major political parties their constitutional right to select their judicial nominees in partisan elections through closed or open primary elections or by direct party nomination.

*See* N.C. Sess. Law 1996-9-es2; *see also* N.C. Sess. Law 2001-403; N.C. Sess. Law. 2002-158.

15. By 2006 the General Assembly had changed the method of judicial elections for district courts, superior courts, and appellate courts from partisan elections to nonpartisan elections and modified primaries for such nonpartisan elections to a top-two system. *See* S.L. 1996-9-es2; *see also* S.L. 2001-403; S.L. 2002-158; N.C. Gen. Stat. § 163-322.

16. On December 16, 2016, the General Assembly enacted Session Law 2016-125 ("S.L. 125"), restoring partisan elections for judges and justices of the appellate courts and on March 9, 2017, the General Assembly enacted Session Law 2017-3 ("S.L. 3"), restoring partisan elections for judges of the district courts and superior courts.

17. Both S.L. 125 and S.L. 3 assured the major political parties their constitutional right to determine their nominees in the partisan elections for these judicial positions through semi-open primary elections. *See* S.L. 124 § 21(a); *see also* S.L. 3 § 5; N.C. Gen. Stat. § 163-106.

18. The General Assembly's stated purposes in restoring partisan elections with partisan primaries for judicial offices were to provide voters with more information about candidates' judicial philosophies and to provide an opportunity for a party's members to consider the qualifications and abilities of candidates.

19. Both S.L. 125 and S.L. 3 become effective January 1, 2018.

6

20. On April 4, 2017, the General Assembly filed Senate Bill 2017-656 ("S.B. 656"), the Electoral Freedom Act of 2017. A Proposed Conference Committee Substitute Bill for S.B. 656, submitted on October 4, 2018, added Section 4(a), eliminating primaries for judges and district attorneys for the 2018 election cycle.

21. On October 5, 2017, the General Assembly amended the Proposed Conference Committee Substitute Bill for S.B. 656 to restore primaries for the election of district attorneys but not for the election of judges.

22. That same day the Proposed Conference Committee Substitute Bill for S.B. 656 was ratified and sent to the Governor for his approval.

23. The Governor vetoed S.B. 656 on October 17, 2017 on the grounds that it "takes away the right of the people to vote for the judges of their choice." *See* Governor Roy Cooper Objections and Veto Message (copy attached as Exhibit 1).

24. On October 17, 2017 the General Assembly overrode the Governor's veto, and S.B. 656 was ratified as 2017 S.L. 214. *See* S.L. 214 (copy attached as Exhibit 2).

25. Like S.L. 125 and S.L. 3, S.L. 214 becomes effective January 1, 2018.

26. Pursuant to S.L. 214 § 4(a), no party primaries shall be held for candidates seeking North Carolina judicial offices for the 2018 general election and candidates seeking such offices shall file their notices of candidacy with the SBOE no earlier than 12:00 noon on June 18, 2018 and no later than 12:00 noon on June 29, 2018. S.L. 214 § 4(a). In 2018, there will be approximately one hundred fifty (150) judicial elections,

including one (1) Supreme Court race, three (3) Court of Appeals races, about thirty-one (31) Superior Court races, and one hundred eighteen (118) District Court races.

27. In no area is a political party's associational right more important than in the selection of its nominee for election through a primary. *See Jones,* 530 U.S. at 575. The process of selecting a political party's nominee often determines a party's positions on significant public policy issues and it is a party's nominee who becomes the party's ambassador to the general electorate in winning the public over to the party's views. *Id*.

28. S.L. 214 eliminates the fundamental right of Plaintiffs to choose their judicial nominees in a partisan primary.

29. The elimination of primaries is in direct contradiction of Defendants' purported rationale for the return to partisan elections for justices and judges through the enactment of 2016 S.L. 125 and 2017 S.L. 3. These two statutes amended Section 106(c) of Chapter 163 to include judicial offices.

30. In advocating for S.L. 3 during House debate, Representative Justin Burr, who was among the bill's sponsors, stated that "HB100 will allow [superior and district court judges] to fall in line with every other office in North Carolina and provide critical information that can assist voters with selecting the candidate that they the voter feels is the most qualified and best for the job." N.C. House of Rep. 2017-2018 Sess., Audio Archives (Feb. 22, 2017) (statement of Rep. Burr) (quotation altered).

31. Another sponsor of S.L. 3, Representative Bert Jones, emphasized the importance of primary elections during House debate for S.L. 3, and stated that "…one of

8

the major roles of political parties is to sort through candidates in a primary way so that the best candidates can go forward in the fall so that you don't have a situation like a couple years ago in a nonpartisan judicial race where there were 19 candidates on the ballot and leave it possible for someone to win with less than 20% of the vote." N.C. House of Rep. 2017-2018 Sess., Audio Archives (Feb. 22, 2017) (statement of Rep. Jones).

32. Defendants have not articulated, and cannot articulate, any compelling or important regulatory interests that would justify the elimination of primaries for the partisan election of judges and justices of the district courts, the superior courts or the appellate courts.

## CAUSE OF ACTION

33. Plaintiffs reallege and incorporate herein by reference the preceding allegations of this Complaint.

34. The First and Fourteenth Amendments afford "special protection" to "the process by which a political party selects a standard bearer who best represents the party's ideologies and preferences." *Jones*, 530 U.S. at 575 (internal quotation marks omitted).

35. Primary elections are the means by which a party selects the candidates to represent the party in a general election.

36. Denying a political party the right to select its own candidates "unquestionably implicates an associational freedom." *Id.*

9

37. Section 4(a) of S.L. 214 violates 42 U.S.C. § 1983 and Plaintiffs' First Amendment rights.

38. No compelling or important regulatory interest justifies Defendants' elimination of primary elections for candidates for judges and justices.

39. Section 4(a) of S.L. 214 is unconstitutional, and Plaintiffs are entitled to a declaratory judgment regarding their rights under the First and Fourteenth Amendments.

## **IRREPARABLE INJURY AND HARM**

40. Plaintiffs hereby reallege and incorporate herein by reference the preceding allegations of this Complaint.

41. The elimination of primaries for judicial offices deprives Plaintiffs and their members of the capacity to perform the duties for which they were established and will cause them and their members great and immediate harm.

42. The elimination of primaries for judicial offices is in direct conflict with good and important public policies recognized and embraced by Defendants themselves and is not in the public interest.

43. The public interests harmed by the elimination of primaries for judicial offices include the public's interests in an informed and knowledgeable electorate, the public's interest in the reduction of voter confusion and the public's interest in ensuring that persons elected to public office are supported by a majority of voters.

44. The public interest requires a prompt order from the Court to align judicial primaries with all other primaries taking place in 2018, as the filing period for these primaries will open on February 12, 2018. N.C. Gen. Stat. § 163-106(c).

45. Plaintiffs are entitled to preliminary and permanent injunctive relief restraining Defendants from:

(a) Eliminating primary elections for North Carolina judicial elections in 2018; and

(b) Placing on the general election ballot the Democratic Party affiliations of judicial candidates who are not the nominees of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court enter judgment:

1. Declaring Section 4(a) of S.L. 214 unconstitutional;

2. Enjoining its enforcement;

3. Awarding Plaintiffs fees and costs; and

4. Providing Plaintiffs such other relief as may be appropriate.

Respectfully submitted this 12th day of December, 2017.

          **WALLACE & NORDAN LLP**

          By: /s/ John R. Wallace
               John R. Wallace
               N.C. State Bar No. 7374
               jrwallace@wallacenordan.com
               Dawn E.H. Lee
               N.C. State Bar No. 49258
               dlee@wallacenordan.com
               Post Office Box 12065
               Raleigh, NC 27605
               Telephone: 919-782-9322
               Facsimile: 919-782-8133

          *Counsel for Plaintiffs*

          **POYNER SPRUILL LLP**

          By: /s/ Edwin M. Speas, Jr.
               Edwin M. Speas, Jr.
               N.C. State Bar No. 4112
               espeas@poynerspruill.com
               Caroline P. Mackie
               N.C. State Bar No. 41512
               cmackie@poynerspruill.com
               P.O. Box 1801 (27602-1801)
               301 Fayetteville St., Suite 1900
               Raleigh, NC 27601
               Telephone: 919-783-6400
               Facsimile: 919-783-1075

          *Counsel for Plaintiff N.C.*
          *Democratic Party*