IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENBURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; and WAKE COUNTY DEMOCRATIC PARTY,<br><br>        Plaintiffs,<br><br>v.<br><br>PHILLIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; and KIMBERLY STRACH, in her official capacity as EXECUTIVE DIRECTOR OF THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT,<br><br>        Defendants. | CIVIL ACTION NO. 1:17-cv-1113 |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs respectfully oppose Defendants' request for an additional 15 days to respond to Plaintiffs' motion for a preliminary injunction (ECF 26), and in support of their opposition Plaintiffs submit the following:

1. This is an urgent matter in which Plaintiffs seek to maintain the alignment of the 2018 elections for judicial offices with all other elections for state offices.

2. Over the veto of North Carolina Governor Roy Cooper, legislation enacted by Defendants in October 2017 eliminated primaries for all judicial offices and established the filing period for these offices as June 18, 2018 through June 29, 2018. S.L. 2017-214. That legislation becomes effective in five days on January 1, 2018.[1]

3. The formal 2018 election cycle for all other state offices is set to begin on February 12, 2018, when candidates for those offices file for primaries set for May 8, 2018.

4. The legislation in question has therefore created a misalignment between judicial elections and elections for other state offices.

5. Promptly realigning the filing periods for judicial and other state offices and restoring judicial primaries will benefit the public, voters, and candidates for judicial offices. It will also avoid potential harm to the public, to potential candidates for judicial

---

[1] Defendants eliminated judicial primaries notwithstanding prior legislation that made judicial elections partisan. Session Law 2016-125; Session Law 2017-3.

offices, and to voters. As retired Wake County Senior Resident Superior Court Judge Donald Stephens explained in his declaration, "the absence of primaries in 2018 judicial elections will…significantly deprive voters of their best opportunity to learn about the essential qualifications of each candidate…and will deprive each candidate of an important means for advancing their candidacy." (ECF 14-7, p. 4).

6. This is not a complicated matter, legally or factually. There is no dispute as to the facts on which Plaintiffs rely in requesting a preliminary injunction restoring the status quo. Those facts were generated by the Defendants themselves and are set forth in public records.

7. Plaintiffs' request for a preliminary injunction turns on two legal issues: whether Defendants have any regulatory interest in eliminating primaries for judicial offices and, if so, whether that interest outweighs the substantial burden on Plaintiffs' First Amendment right to freedom of association.

8. It is the Holiday Season, but the 21-day period set by LR 7.3(f) for responding to motions is sufficient for Defendants to identify and present any arguments they may have sufficient to respond to Plaintiffs' Motion for Preliminary Injunction. Defendants' justifications for the elimination of judicial primaries are within their own knowledge.

9. Moreover, Defendants should have understood the consequences and effect of the challenged legislation when it was enacted in October 2017, and can promptly mount any defense they may have to that legislation.

10. As of the date of this filing, all Defendants have waived service, and Plaintiffs will promptly file those waivers with the Court.

11. In an effort to account for the preferences of Defendants' counsel, Plaintiffs' counsel have already offered to consent to an extension of time until Friday January 5, 2018.

12. In an effort to promptly complete the briefing on their request for preliminary relief, Plaintiffs are prepared to respond to any objections Defendants may have to the issuance of a preliminary injunction within 3 business days of the filing of Defendants' papers.

Wherefore, Plaintiffs request the Court;

(a) to deny Defendants' request to extend their time to respond to Plaintiffs' motion for preliminary relief to January 16, 2018;

(b) not to extend Defendants' time for responding to Plaintiffs' motion for preliminary relief beyond January 5, 2018;

(c) to shorten the time for Plaintiffs to reply to Defendants' response to 3 business days following Defendant's response; and

(d) to enter such other orders as may facilitate the prompt restoration of the status quo.

This the 27th day of December, 2017.

                                **WALLACE & NORDAN LLP**

                    By: /s/ John R. Wallace
                         John R. Wallace
                         N.C. State Bar No. 7374
                         jrwallace@wallacenordan.com
                         Dawn E.H. Lee
                         N.C. State Bar No. 49258
                         dlee@wallacenordan.com
                         Post Office Box 12065
                         Raleigh, NC 27605
                         Telephone: 919-782-9322
                         Facsimile: 919-782-8133

                         *Counsel for Plaintiffs*

                         **POYNER SPRUILL LLP**

                    By: /s/ Edwin M. Speas, Jr.
                         Edwin M. Speas, Jr.
                         N.C. State Bar No. 4112
                         espeas@poynerspruill.com
                         Caroline P. Mackie
                         N.C. State Bar No. 41512
                         cmackie@poynerspruill.com
                         P.O. Box 1801 (27602-1801)
                         301 Fayetteville St., Suite 1900
                         Raleigh, NC 27601
                         Telephone: 919-783-6400
                         Facsimile: 919-783-1075

                         *Counsel for Plaintiff N.C. Democratic Party*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 27th day of December, 2017.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.
