IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-1113

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENBURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; and WAKE COUNTY DEMOCRATIC PARTY,<br><br>        Plaintiffs<br><br>  v.<br><br>PHILLIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; and KIMBERLY STRACH, in her official capacity as EXECUTIVE DIRECTOR OF THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT,<br><br>        Defendants | **DEFENDANTS' JOINT BRIEF ON SEVERABILITY OF SECTION 4.(a) OF SESSION LAW 2017-214** |

NOW COME Defendants, by and through their respective undersigned counsel, and hereby submit this Brief pursuant to the Court's verbal order at the January 24, 2018, hearing on Plaintiffs' Motion for Preliminary Injunction.

Legislative intent is the determining factor in deciding whether a portion of a statute found to be unconstitutional can be severed from the remainder of the statute, and federal courts apply state law in conducting this analysis. *See Sons of Confederate Veterans, Inc. v. Comm'r of the Va. Dep't of Motor Vehicles*, 288 F.3d 610, 627 (4th Cir. 2002). The presence or lack of a severability clause in a statute is not determinative on its own but serves as evidence of legislative intent. *See Pope v. Easley*, 354 N.C. 544, 548, 556 S.E.2d 265, 268 (2001); *In re Appeal of Springmoor, Inc.*, 348 N.C. 1, 14, 498 S.E.2d 177, 185 (1998).

The North Carolina Supreme Court has instructed, "The test for severability is whether the remaining portion of the legislation can stand on its own and whether the General Assembly would have enacted the remainder absent the offending portion." *Pope*, 354 N.C. at 548, 556 S.E.2d at 268. Conversely, the whole statute must fail if the unconstitutional portion is integrated or integral to the statute operating as intended. *See In re Appeal of Springmoor, Inc.*, 348 N.C. at 13, 498 S.E.2d at 184-85 ("where the unconstitutional portion of a statute 'is of such import that the other sections without it would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative.'") (citations omitted).

North Carolina Session Law 2017-214 ("S.L. 214") does not contain a severability clause, and there is no language in the statute that indicates that the General Assembly

intended any portion of it to be severable. However, the five sections within S.L. 214 are discrete: Section 1 reduces the thresholds for new party recognition and adds a new method for achieving recognition; Section 2 reduces the thresholds for unaffiliated candidates to access the ballot; Section 3 reduces the substantial plurality needed to win an election; Section 4, a portion of which Plaintiffs challenge in this action, eliminates primaries for the 2018 judicial races and sets out the procedures for judicial candidates to apply to run in 2018; and Section 5 establishes the effective date of the statute as January 1, 2018. There are no cross references between these Sections, and none of the Sections utilizes definitions or terms set out in Section 4. Sections 1 through 4 each revise a discrete portion of election law. As such, if Section 4.(a) is found to be unconstitutional, each of the other Sections can stand on its own; the General Assembly would likely have enacted the remainder of S.L. 214 even absent Section 4.(a).

On the other hand, subsections a through k of Section 4 are clearly interdependent. They establish the procedures for conducting judicial elections without a primary. As such, they cannot stand on their own, and it is unlikely that the General Assembly would have enacted these subsections without Section 4.(a). Therefore, Section 4.(a) is not severable from the rest of Section 4[1] either upon the granting of a motion for preliminary injunction[2] or an ultimate finding of unconstitutionality.

---

[1] If all of Section 4 is enjoined, N.C. Gen. Stat. § 163A-973, which prohibits a person from filing as a candidate in a party primary unless he has been affiliated with that party for at least 90 days as of the date of filing, would be applicable to judicial races.

[2] *Am. Civil Liberties Union of N. Carolina v. Conti*, 835 F. Supp. 2d 51, 62 (E.D.N.C. 2011) (applying severability law of North Carolina to preliminary injunction); *see also Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1023 (1st Cir. 1981).

3

Respectfully submitted this 26th day of January, 2018.

JOSHUA H. STEIN
Attorney General

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General
N.C. State Bar No. 45869
Email: jbernier@ncdoj.gov

/s/ Olga Vysotskaya
Olga E. Vysotskaya de Brito
Special Deputy Attorney General
N.C. State Bar No. 31846
Email:  ovysotskaya@ncdoj.gov

/s/ Amar Majmundar
Amar Majmundar
Senior Deputy Attorney General
N.C. Bar No. 24668
Email: amajmundar@ncdoj.gov

/s/ Alexander McC. Peters
Alexander McC. Peters
Chief Deputy Attorney General
N.C. State Bar No. 13654
Email: apeters@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629
Telephone: (919)716-6900

*ATTORNEYS FOR Defendants KIMBERLY STRACH, in her official capacity as Executive Director of the North Carolina Bipartisan State Board Of Elections and Ethics Enforcement, THE STATE OF NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS*

*ENFORCEMENT, and THE STATE OF NORTH CAROLINA*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ D. Martin Warf
   Noah H. Huffstetler, III
N.C. State Bar No. 7170
   D. Martin Warf
N.C. State Bar No. 32982
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 877-3800
noah.huffstetler@nelsonmullins.com
martin.warf@nelsonmullins.com

*ATTORNEYS FOR* Defendants *PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Defendants' Joint Brief on Severability of Section 4(a) of Session Law 2017-214 with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 26th day of January, 2018.

/s/ James Bernier, Jr.
James Bernier, Jr.
Special Deputy Attorney General