IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-1113

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; and WAKE COUNTY DEMOCRATIC PARTY, <br><br> Plaintiffs <br><br> v. <br><br> PHILLIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES; THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; and KIMBERLY STRACH, in her official capacity as EXECUTIVE DIRECTOR OF THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT, <br><br> Defendants | **DEFENDANTS' JOINT BRIEF REGARDING *WASHINGTON STATE GRANGE v. WASHINGTON STATE REPUBLICAN PARTY*** |

NOW COME Defendants, by and through their respective undersigned counsel and pursuant to the Court's January 24, 2017, Text Order , and hereby submit this Brief regarding the impact of the decision in *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008) on the issues in this case.

While *Washington State Grange* yields strong support to the Defendants' position, *see infra*, there is one crucial difference: the legislation challenged in *Washington State Grange* limited ballot access through a primary election. The challenged legislation in this matter does not impose a primary election on any party for the judicial races. Rather, Section 4.(a) lifts the preexisting burden by eliminating the primary requirement. Unlike the state law upheld in *Washington State Grange,* the law challenged by Plaintiffs here creates no burden on political parties' associational rights and should be upheld as such.

Nevertheless, *Washington State Grange*'s rationale advances the Defendants' position in several important respects. At oral argument, this Court inquired as to whether Plaintiffs' First Amendment associational rights are burdened if (a) there is no primary requiring them to pick a nominee, (b) others are allowed to self-identify their party affiliation on the general election ballot (*i.e.*, other candidates self-identifying with a particular party were not excluded from the ballot as they would be if not the primary winner), and (c) a nominee chosen by a method other than a primary, selected by the party, was not identified on the ballot as the party's nominee. *Washington State Grange* answers these questions in Defendants' favor. Therein, the United States Supreme Court held that political parties, like Plaintiffs, do not have an associational right to have their nominees designated as such on the ballot and that when a challenged law does not provide for the

nomination of candidates or compel political parties to associate with or endorse candidates, there is no severe burden to the parties' associational right.

The Fourth Circuit in *Marcellus v. Virginia State Bd. of Elections*, 849 F.3d 169, 176 (4th Cir. 2017), aptly summarized the key points of *Washington State Grange*:

> In *Washington State Grange,* a First Amendment challenge brought by several political parties to a Washington statute that provided that "candidates for office shall be identified on the ballot by their self-designated 'party preference,' " regardless of whether they were nominated by the party they designated. 552 U.S. at 444, 128 S.Ct. 1184. Thus, under the challenged law, "[a] political party [could not] prevent a candidate who [was] unaffiliated with, or even repugnant to, the party from designating it as his party of preference." *Id*. at 447, 128 S.Ct. 1184. As a consequence, political parties no longer had any ability to "indicate their nominees on the ballot." *Id*. at 453 n.7, 128 S.Ct. 1184. The Court characterized that feature of the law as "unexceptional," explaining that "[t]he First Amendment does not give political parties a right to have their nominees designated as such on the ballot." Id. (emphasis added). And, as importantly, the Court stated that "[p]arties do not gain such a right simply because the State affords candidates the opportunity to indicate their party preference on the ballot." *Id*.

*Id*.

The Supreme Court in *Washington State Grange* determined that the state's primary did not burden the parties' associational rights because "the I–872 primary does not, by its terms, choose parties' nominees. The essence of nomination—the choice of a party representative—does not occur under I–872. The law never refers to the candidates as nominees of any party, nor does it treat them as such." *Id.* at 453. Moreover, the Court held that "[t]here is simply no basis to presume that a well-informed electorate will interpret a candidate's party-preference designation to mean that the candidate is the party's chosen nominee or representative or that the party associates with or approves of the candidate." *Id.* at 454. "On its face, I–872 does not impose any severe burden on

3

respondents' associational rights," and, where there is no severe burden, "a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id.* at 458 (*quoting Clingman*, 544 U.S. at 593) (internal quotations omitted).

Ultimately, I-872 and Section 4.(a), which established that no party primaries shall be held for candidates seeking judicial office in 2018, have a similar effect; under neither law is there a primary election in which the political party's nominee is selected. As such, the challenge to Section 4.(a) should fail for virtually the same reasons that the challenge to I-872 failed.

Like the challengers in *Washington State Grange*, Plaintiffs bring a facial challenge—disfavored by the courts—to Section 4.(a). *Washington State Grange*, 552 U.S. at 450. While Plaintiffs have submitted seven declarations that speculate about "the significant harm that will result from conducting partisan judicial elections in North Carolina in 2018 without primaries," *see* Declaration of Wayne G. Goodwin, Dkt. 14-1, on a facial challenge, this Court may "not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary" cases," *Washington State Grange*, 552 U.S. at 450. Section 4.(a) has been enacted, but it has not yet been carried out. As such, speculation is not appropriate.

Next, Section 4.(a) does not substantially burden Plaintiffs' associational rights. Just as the I-872 primary did not choose the parties' nominees, the lack of a primary under Section 4.(a) does not choose Plaintiffs' nominees. Under I-872, "[t]he top two candidates from the primary election proceed to the general election regardless of their party

4

preferences. Whether parties nominate their own candidates outside the state-run primary is simply irrelevant. *In fact, parties may now nominate candidates by whatever mechanism they choose.*" *Id.* at 453 (emphasis added). Similarly, under Section 4.(a), all those filing a self-identified notice of candidacy with the State Board of Elections and Ethics Enforcement can proceed to the general election regardless of their party preference. Nothing in Section 4.(a) dictates how the parties may nominate their own candidate outside of a state-run primary.[1]

Like the challengers in *Washington State Grange*, Plaintiffs argue that their associational rights are burdened because voters will be confused. *Id.* at 454; *see also, e.g.,* Dkt. 14-5, at ¶ 5; Dkt. 14-7, at ¶ 9. The challengers in *Washington State Grange* asserted that voters would misinterpret the party-preference designation by a candidate's name on the ballot. The Court was not persuaded, holding that "[t]here is simply no basis to presume that a well-informed electorate will interpret a candidate's party-preference designation to mean that the candidate is the party's chosen nominee or representative or that the party associates with or approves of the candidate." *Washington State Grange*, 552 U.S. at 455. Importantly, the Court also noted that

> The First Amendment does not give political parties a right to have their nominees designated as such on the ballot. Parties do not gain such a right simply because the State affords candidates the opportunity to indicate their party preference on the ballot. "Ballots serve primarily to elect candidates, not as forums for political expression." *Id.*, at 363, 117 S.Ct. 1364.

---

[1] In fact, here, the parties can encourage their nominee to run and by so doing ensure representation in the general election, something not guaranteed by Washington's election law.

5

*Washington State Grange*, 552 U.S. at 453 n.7(citation omitted). The Court was not "aware of [any] case in which the mere impression of association was held to place a severe burden on a group's First Amendment rights." *Id.* at 457 n.9.

Here, the Plaintiff's also argue that "the lack of a winnowing process for judicial candidates" could lead to "ballot clutter" and an "uninformed electorate." Plaintiffs' Reply, Dkt. 35, at p. 9. Such speculative concerns do not burden (severely or otherwise) a party's associational rights. On this facial (as opposed to as-applied challenge), there is no evidence of a burden on association. As such, Defendants need not assert any interest, much less a compelling one for Section 4.(a). *Washington State Grange*, 552 U.S. at 458. Nevertheless, providing relevant information about a candidate on the ballot, the asserted purpose in noting a self-identified party label in judicial races, is an important state interest. *Washington State Grange*, 522 U.S. at 458.

The Supreme Court's conclusion in *Washington State Grange* is equally applicable as a conclusion here:

> Because I–872 does not on its face provide for the nomination of candidates or compel political parties to associate with or endorse candidates, and because there is no basis in this facial challenge for presuming that candidates' party-preference designations will confuse voters, I–872 does not on its face severely burden respondents' associational rights. We accordingly hold that I–872 is facially constitutional.

*Washington State Grange*, 552 U.S. at 458–59.

## CONCLUSION

Pursuant to the decision in *Washington State Grange*, Defendants respectfully request that this Court deny Plaintiffs' Motion for Preliminary Injunction.

6

Case 1:17-cv-01113-CCE-JEP   Document 42   Filed 01/26/18   Page 6 of 9

Respectfully submitted this 26th day of January, 2018.

        JOSHUA H. STEIN
        Attorney General

        /s/ James Bernier, Jr.
        James Bernier, Jr.
        Special Deputy Attorney General
        N.C. State Bar No. 45869
        Email: jbernier@ncdoj.gov

        /s/ Olga Vysotskaya
        Olga E. Vysotskaya de Brito
        Special Deputy Attorney General
        N.C. State Bar No. 31846
        Email:  ovysotskaya@ncdoj.gov

        /s/ Amar Majmundar
        Amar Majmundar
        Senior Deputy Attorney General
        N.C. Bar No. 24668
        Email: amajmundar@ncdoj.gov

        /s/ Alexander McC. Peters
        Alexander McC. Peters
        Chief Deputy Attorney General
        N.C. State Bar No. 13654
        Email: apeters@ncdoj.gov

        N.C. Department of Justice
        Post Office Box 629
        Raleigh, NC 27602-0629
        Telephone: (919)716-6900

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By: /s/ D. Martin Warf
   Noah H. Huffstetler, III
N.C. State Bar No. 7170
   D. Martin Warf
N.C. State Bar No. 32982
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 877-3800
noah.huffstetler@nelsonmullins.com
martin.warf@nelsonmullins.com

*ATTORNEYS FOR* Defendants *PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Motion and Proposed Order attached hereto with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 26th day of January, 2018.

/s/ D. Martin Warf
D. Martin Warf