IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:17-cv-1113 |

**PLAINTIFFS' MEMORANDUM REGARDING SEVERABILITY**

This memorandum is submitted by plaintiffs on the question of severability in response to the Court's request at the January 24, 2018 hearing. Severability is not an issue at this preliminary injunction stage of proceedings. The question of severability arises, if at all, only after trial.

At the hearing, counsel for defendants speculated that if the Court were to strike the offending section of S.L. 2017-214 the entire act might also fall. Defendants' assertion appears to use the unchallenged portions of S.L. 214 as a shield to insulate the offending section. This novel effort is intended to erect a barrier to the Court's duty to enforce the federal constitution and is without support.

The need for and purpose of severability clauses is addressed in the "New Legislators' Orientation Manual" ("Manual") prepared by the General Assembly's staff,

excerpt attached as Exhibit A. It states that severability clauses are unnecessary except in those situations where a court might "misread legislative intent." Manual at 8-4 to 8-5.

Consistent with this policy, S.L. 214 does not contain a severability clause because there is no basis whatsoever on which a court could "misread legislative intent" and conclude that invalidating the section eliminating primaries invalidates the entire act. First, courts presume that a legislature intends the various parts of an act to be severable from another. *See generally* Nagle, J.C., *Severability*, 72 N.C. L. Rev. 1 (1993). Indeed, as noted in the Manual, if the General Assembly intends that an entire act should fail if any part fails it should expressly so provide in the legislation itself. As noted above, no such clause is contained in S.L. 214.

Second, S.L. 214 (ECF No. 2-2) contains four separate substantive sections, each dealing with a separate portion of elections laws, and is inherently severable. Section 1 amends the definition of a political party in G.S. 163-96; section 2 amends the procedures in G.S. 163-122 for adding unaffiliated candidates to the ballot; section 3 amends the definition of plurality in G.S. 163-111; and section 4 eliminates primaries for the 2018 judicial elections. Each topic is separately described in the lengthy title of the act.

Third, the contents of S.L. 214 were neither filed nor enacted as a coherent whole but rather evolved piecemeal over a period of many months. When first filed on April 4, 2017, the legislation contained only sections 1 and 2. Section 3 was added three weeks later on April 25, 2017. Section 4, the offending section, was added as an unrelated after-

2

thought almost 6 months later on October 4, 2017.[1]  On October 17, Governor Cooper

vetoed the bill, not because of sections 1, 2 or 3 but because of section 4.  *See* Compl. Ex.

1 (ECF No. 2-1).

Fourth, the General Assembly deemed it unnecessary to codify Section 4(a) and

the successive provisions of Section 4 because Section 4 only concerns primary elections

for one date.  After November 6, 2018, section 4(a) becomes moot and no longer

effective by operation of law.  However, Sections 1, 2, and 3 will be codified as

amendments to the sections of Chapter 163 designated therein.

In sum, the severability argument advanced by Defendants at oral argument is a

self-serving red herring with no basis in fact or law.

---

[1] The original version of section 4 would have repealed primary elections for district
attorneys as well as judges.  The next day, October 5, section 4 was changed to restore
primaries for district attorneys, and then the bill was enacted.

Respectfully submitted this the 26th day of January, 2018.

**WALLACE & NORDAN LLP**

By:  /s/ John R. Wallace
     John R. Wallace
     N.C. State Bar No. 7374
     jrwallace@wallacenordan.com
     Dawn E.H. Lee
     N.C. State Bar No. 49258
     dlee@wallacenordan.com
     Post Office Box 12065
     Raleigh, NC  27605
     Telephone: 919-782-9322
     Facsimile:  919-782-8133

*Counsel for Plaintiffs*

**POYNER SPRUILL LLP**

By:  /s/ Edwin M. Speas, Jr.
     Edwin M. Speas, Jr.
     N.C. State Bar No. 4112
     espeas@poynerspruill.com
     Caroline P. Mackie
     N.C. State Bar No. 41512
     cmackie@poynerspruill.com
     P.O. Box 1801 (27602-1801)
     301 Fayetteville St., Suite 1900
     Raleigh, NC  27601
     Telephone: 919-783-6400
     Facsimile:  919-783-1075

*Counsel for Plaintiff N.C.*
*Democratic Party*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 26th day of January, 2018.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.