**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1150

NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENBURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; WAKE COUNTY DEMOCRATIC PARTY,

     Plaintiffs - Appellees,

  v.

PHILLIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,

     Defendants - Appellants,

  and

THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; KIMBERLY STRACH, in her official capacity as Executive Director of the North Carolina Bipartisan State Board of Elections and Ethics Enforcement,

     Defendants.

No. 18-1151

NORTH CAROLINA DEMOCRATIC PARTY; CUMBERLAND COUNTY DEMOCRATIC PARTY; DURHAM COUNTY DEMOCRATIC PARTY; FORSYTH COUNTY DEMOCRATIC PARTY; GUILFORD COUNTY DEMOCRATIC PARTY; MECKLENBURG COUNTY DEMOCRATIC PARTY; ORANGE COUNTY DEMOCRATIC PARTY; WAKE COUNTY DEMOCRATIC PARTY,

        Plaintiffs - Appellees,

        v.

THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA BIPARTISAN STATE BOARD OF ELECTIONS AND ETHICS ENFORCEMENT; KIMBERLY STRACH, in her official capacity as Executive Director of the North Carolina Bipartisan State Board of Elections and Ethics Enforcement,

        Defendants - Appellants,

    and

PHILLIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,

        Defendants.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cv-01113-CCE-JEP)

---

Argued:  March 20, 2018                                    Decided:  April 2, 2018

---

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

---

Vacated by unpublished per curiam opinion.  Judge Motz wrote a concurring opinion.

---

**ARGUED:** D. Martin Warf, NELSON MULLINS RILEY & SCARBOROUGH LLP, Raleigh, North Carolina; Ryan Y. Park, NORTH CAROLINA DEPARTMENT OF

2

JUSTICE, Raleigh, North Carolina, for Appellants. John R. Wallace, WALLACE & NORDAN LLP, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Noah H. Huffstetler, Matthew A. Abee, NELSON MULLINS RILEY & SCARBOROUGH LLP, Raleigh, South Carolina, for Appellants Philip E. Berger and Timothy K. Moore. Joshua H. Stein, Attorney General, James Bernier, Special Deputy Attorney General, Olga E. Vysotskaya de Brito, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellants State of North Carolina, North Carolina Bipartisan State Board of Elections and Ethics Enforcement, and Kimberly Strach. Matthew M. Calabria, WALLACE & NORDAN LLP, Raleigh, North Carolina, for Appellees. Edwin M. Speas, Jr., Caroline P. Mackie, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellee North Carolina Democratic Party.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In October 2017, the North Carolina General Assembly enacted Senate Bill 656, abolishing primary elections for state judicial elections in 2018. The North Carolina Democratic Party, joined by several county branches ("Appellees"), filed a complaint naming a series of legislative defendants ("Appellants").[*] The complaint sought injunctive relief and a declaration that the statute violated Appellees' associational rights under the First and Fourteenth Amendments. The district court entered a preliminary injunction on January 31, 2018. The district court enjoined the statute as applied to appellate judicial elections. In effect, the injunction re-instituted a primary election for those positions scheduled on May 8, 2018. The district court scheduled a trial on the merits on June 7, 2018.

Appellants filed a notice of appeal, and moved to stay the injunction before this court. We stayed the injunction on February 9, 2018. We review the imposition of a preliminary injunction for abuse of discretion. *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We

---

[*] The North Carolina State Board of Elections later joined in Appellants' briefs on appeal.

conclude that at this stage of the case, Appellees have not met their burden in any respect. We anticipate this case will proceed to the merits. Accordingly, the preliminary injunction is

*VACATED.*

DIANA GRIBBON MOTZ, Circuit Judge, concurring:

I write separately to explain why I voted to deny the motion to stay the district court's order granting in part Plaintiffs' motion for a preliminary injunction, and why I now concur in the judgment vacating that order.

In seeking a stay of the district court's order, Senator Philip E. Berger and Representative Timothy K. Moore argued that the court had erred in finding S.L. 214 created a First Amendment burden because it relied "on speculation and conjecture" and held "that the Democratic Party has a Constitutional right to a primary for state elections." This argument misrepresented the district court's rationale. The court did not conclude that a political party has a constitutional right to a state-run primary; rather, it found just the reverse — "political parties cannot demand that states choose the winnowing-down method that the political parties prefer." The court ultimately concluded, however, that with its "potentially confusing ballots with multiple candidates claiming to be representatives of the party," S.L. 214 imposed associational burdens on political parties.

This conclusion was not — as Senator Berger and Representative Moore suggested — based on conjecture or speculation. Rather, the district court relied on the following facts:

- In 2014, North Carolina did not hold a primary for a newly-vacant Court of Appeals seat. In the general election, 19 candidates appeared on the ballot. After the election, a State Board of Elections report found significant problems with voter confusion in the Court of Appeals race, which contributed to voter wait times. Moreover, the winner in that race received only 23% of the vote.

6

- In 2004, 8 candidates appeared on the general election ballot for a state Supreme Court seat, and the winner received only 23% of the vote.
- In 2018, at least four statewide judicial offices are up for re-election, giving rise to a high likelihood of several multi-candidates races.

The district court concluded, on the record before it, that the legislature's stated explanation for the new law — gaining more time for redrawing superior and district court lines — justified one-time cancellation of the 2018 judicial primaries for *superior* and *district court judges*. Thus, the court denied the requested preliminary injunction with respect to those races. However, the court found that the same reason did not apply to appellate judges, who are elected statewide. The State offered no alternative reason to justify the cancellation of the judicial primaries for those races, and so the district court enjoined S.L. 214 as it pertains to appellate judicial races.

Senator Berger and Representative Moore moved for a stay pending appeal of that order. In this motion, they put forth three interests assertedly justifying the "potentially confusing ballots" S.L. 214 imposed on appellate judicial elections: (1) consistency in judicial elections; (2) preparation for a transition away from judicial elections; and (3) allowing the General Assembly more time to redraw the electoral boundaries for superior and district courts.

As the district court explained, the last reason, "gaining more time for redrawing superior and district court [judicial] district lines," does not seem to me to justify a law regulating appellate judicial races, which are conducted on a *state-wide* basis. That left consistency and preparation for a transition away from judicial elections. Before the district court, the State did not seek to justify S.L. 214 on the basis of consistency or a

7

potential transition away from judicial elections. Nor did the State join Senator Burger and Representative Moore's motion requesting an emergency stay. (The State filed a "Notice of Consent," which explained that "[b]y consenting to the stay motion, the State . . . do[es] not necessarily adopt the arguments in the motion.") Thus, at the time that we considered the motion for a stay, only Senator Berger and Representative Moore had offered these two rationales.

Well-established Supreme Court precedent cautions us to give "little weight to statements, such as those of the individual legislators, made *after* the bill in question has become law." *Barber v. Thomas*, 560 U.S. 474, 486 (2010).[*] Such post-hoc rationales are not "statement[s] upon which other legislators might have relied in voting for or against the Act, but . . . simply represent[] the views of one [or two] informed person[s] on an issue about which others may (or may not) have thought differently." *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995). Moreover, it is not at all clear that post-hoc rationales offered by two legislators can satisfy the *Anderson-Burdick* standard, which instructs us to consider "*the state's* important regulatory interests" in support of a given regulation. *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983) (emphasis added); *Burdick v. Takushi*, 504 U.S. 428, 434 (1992). I could not conclude that the district court abused its

---

[*] Indeed, as Senator Berger and Representative Moore noted in their brief requesting an emergency stay, "Relying on the remarks of a single member would 'be essentially to permit a single member of one House to alter the meaning of the bill, and effectively to deprive the House that acted first of any real voice in the final meaning of the enactment. That is plainly improper.'" Emergency Motion for Stay of Preliminary Injunction, at 8–9 (quoting *United Mine Workers of Am. v. Fed. Mine Safety and Health Review Comm'n*, 671 F.2d 615, 622 (D.C. Cir. 1982)).

discretion by failing to consider justifications for S.L. 214 never presented to it, and never even offered by the State to us in the motion seeking a stay of the district court's order. Accordingly, I voted to deny Senator Berger and Representative Moore's motion for a stay.

In their appeal of the order partially granting a preliminary injunction, Appellants — Senator Berger and Representative Moore, *now joined by the State* — do assert that S.L. 214 is justified by the interest in consistency in judicial elections and a desire to buy time as the State prepares for a transition away from judicial elections. Given this, I concur in the judgment, vacating the district court's partial grant of a preliminary injunction.

At trial, Appellees will have a full opportunity to demonstrate the fact and character of the burden on their First Amendment rights caused by the new law, and the State will have an opportunity to demonstrate the fact and significance of the interests served by the new law.